# Smith v. The State.

*Petition for Discharge on Habeas Corpus.*

1. *Constitutionality of statute requiring examination and license of railroad engineers—Held*, on the authority of *McDonald v. The State* (81 Ala. 279), that the act approved February 28, 1887, requiring railroad engineers to be examined and licensed, and making it a misdemeanor for any engineer to operate an engine on any railroad without having been examined and licensed (Sess. Acts 1886-7, p. 100), is a mere internal police regulation, and not an unauthorized interference with interstate commerce, though incidentally affecting it; and that it is not otherwise objectionable on constitutional grounds.

APPEAL from the City Court of Mobile.

Heard before the Hon. O. J. SEMMES.

The appellant in this case, Joseph J. Smith, an engineer in the employment of the Mobile & Ohio Railroad Company, was arrested under a warrant issued by a justice of the peace in Mobile, on a charge of handling, driving and operating an engine pulling a passenger train on the road of said company, not having been duly examined and licensed as required by the act of the General Assembly approved February 28th,

[Trawick v. Davis.]

1887, entitled "An act to require locomotive engineers in this State to be examined and licensed by a board to be appointed by the Governor for that purpose."—Sess. Acts 1886-7, p. 100. Being committed to jail by the justice, to answer an indictment for the alleged offense, he sued out a writ of *habeas corpus*, returnable before Hon. O. J. SEMMES, claiming a discharge from custody, on the ground that the said act of the General Assembly was unconstitutional and void, being an unauthorized interference with inter-state commerce. On the hearing, it was shown that the petitioner's train ran continuously between Mobile, Alabama, and Corinth, Mississippi, sixty miles of the route being in Alabama, and two hundred and sixty-five miles in Mississippi; and it was admitted that he had never been licensed, nor had he applied for examination and license, as required by said statute. The judge of the City Court, holding the statute to be constitutional, refused to discharge the prisoner as prayed, but remanded him to the custody of the sheriff, who was authorized to take bail for his appearance to answer an indictment. This judgment is here assigned as error.

E. L. RUSSELL, and B. B. BOONE, for appellant.

THOS. N. MCCLELLAN, Attorney-General, for the State.

SOMERVILLE, J.—The judgment is affirmed, on the authority of *McDonald v. The State*, at the present term; 81 Ala. 279.

NOTE BY REPORTER.—This case was decided in July, 1887, and was afterwards taken, by writ of error, to the Supreme Court of the United States, where the judgment was affirmed. *Smith v. Alabama*, 124 U. S. 465.